UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOEL RIFKIN,

                        Plaintiff,

        -vs-

GLENN S. GOORD, et al.,

                      Defendants.
_____

**ANSWER TO**
**AMENDED COMPLAINT**

99-CV-6479L(B)

**JURY TRIAL DEMANDED**

       Defendant Gail Hallerdin, by her attorney, Eliot Spitzer, Attorney General of the State of New York, Charles D. Steinman, Assistant Attorney General, of counsel, in answer to the amended complaint, herein alleges:

       1. Admits the allegations contained in paragraphs 6, 7, 14, 18[1], 37 and 77.

       2. Denies the allegations contained in paragraphs 69, 71, 72, 84, 85, 86, 87 and 88.

       3. Denies so much of paragraph 1 which alleges that the defendant Hallerdin deprived the plaintiff of any of his rights and privileges secured by the Constitution of the United States and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of said paragraph.

       4. Denies so much of paragraph 8 which alleges that former Supt. Kelly was the "surrogate of the Commissioner" and admits the remainder of said paragraph.

---

[1] It is assumed that the tenth word on the second line of this paragraph is intended to be "threat", rather than "treat".

1

5. Denies so much of paragraph 9 which alleges that Victor Herbert is the current Superintendent of the Attica Correctional Facility, that is he is "in a surrogate position to the Commissioner" and admits the remainder of said paragraph.

6. Denies so much of paragraph 11 which alleges that the defendant Hallerdin was "in a surrogate position to the Commissioner" and admits the remainder of said paragraph.

7. Denies so much of paragraph 12 which alleges that defendant James Conway is "in a surrogate position to the Superintendent at Attica" and admits the remainder of said paragraph.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of so much of paragraph 13 which alleges that the defendant Kirkpatrick was a witness called at the plaintiff's hearing and admits the remainder of said paragraph.

9. Admits the allegations contained in paragraph 16 except that portion thereof which alleges that the regulatory basis of said allegations is 7 N.Y.C.R.R. §301.4(b), which portion is denied.

10. Admits so much of paragraph 32 which alleges that the plaintiff was assaulted at Rikers Island and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of said paragraph.

11. Admits the allegations contained in paragraph 36 and affirmatively asserts that Lt. Bartz also specified that the safety of Rifkin was a consideration in his recommendation.

12. Denies so much of paragraph 63 which alleges that the plaintiff's placement in administrative segregation was not related to his "affirmative conduct" and admits the remainder of said paragraph.

13. Denies so much of paragraph 70 which alleges that the defendant's decision was arbitrary or capricious or denied the plaintiff equal protection and treatment under the United States Constitution and respectfully refers to the regulation and directive cited therein for the full and accurate contents thereof.

14. Denies the allegations of paragraph 75 as they relate to the actions of the defendant Hallerdin and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of said paragraph.

15. As to the allegations contained in paragraphs 15, 17, 19, 21, 22, 23, 24, 25, 26, 67 and 68, respectfully refers to the regulations and directives referred to therein for the full and accurate contents thereof and, to the extent that the allegations in said paragraphs vary from the regulations and directives referred to, denies same.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 2, 3, 4, 5, 10, 27, 28, 29, 30, 31, 33, 34, 35, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65, 66, 73, 74, 76, 77, 78, 79, 81, 82 and 83.

17. Defendant denies the allegations of the complaint which allege in any manner that the actions of the defendant resulted in a deprivation of the plaintiff's constitutional rights.

18. That defendant denies each and every other allegation of the complaint not heretofore admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE,
### DEFENDANT ALLEGES

19. That the complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE,
### DEFENDANT ALLEGES:

20. That defendant, at all times relevant hereto, acted without malice and under the reasonable belief that her actions were proper and in accordance with existing law.

21. Consequently, the defendant is entitled to qualified immunity.

### AS AND FOR A THIRD, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE,
### DEFENDANT ALLEGES:

22. The claims set forth in the complaint are barred, in whole or in part by the principles of collateral estoppel.

### AS AND FOR A FOURTH, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE,
### DEFENDANT ALLEGES:

23. The plaintiff has failed to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. §1997e.

### AS AND FOR A FIFTH, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE,
### DEFENDANT ALLEGES:

24. The doctrine of <u>respondeat superior</u> does not apply in actions brought pursuant to 42 U.S.C. §1983, and bars relief to the plaintiff.

**AS AND FOR A SIXTH, SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES:**

25. That this action is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SEVENTH, SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE,
DEFENDANT ALLEGES:**

26. That this action is barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, defendant prays that judgment be entered dismissing the complaint in all respects and that defendant be awarded reasonable costs and attorneys' fees and for such other and further relief as may be just, proper, and equitable.

Dated: January 13, 2004
       Rochester, New York

                        ELIOT SPITZER
                        Attorney General of the
                           State of New York
                        Attorney for Defendant Hallerdin

                        <u>S/ Charles D. Steinman</u>
                        CHARLES D. STEINMAN
                        Assistant Attorney General
                           of Counsel
                        NYS Office of the Attorney General
                        144 Exchange Boulevard, Suite 200
                        Rochester, New York 14614
                        Telephone:  (585) 546-7430
                        Charles.Steinman@oag.state.ny.us

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOEL RIFKIN,

                Plaintiff,

    -vs-                                              99-CV-6479

GLENN S. GOORD, et al.,

                Defendants.
_____

## CERTIFICATE OF SERVICE

        I certify that on January 13, 2004, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1.

        And, I hereby certify that I have mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

1.    Joel Rifkin, 95-A-6514
       Clinton Correctional Facility
       Route 374, Cook Street
       P.O. Box 2001
       Dannemora, New York 12929

                                                ELIOT SPITZER
                                                Attorney General of the
                                                    State of New York
                                                Attorney for Defendant Hallerdin

                                                s/ Charles D. Steinman
                                               CHARLES D. STEINMAN
                                                Assistant Attorney General
                                                  of Counsel
                                                NYS Office of the Attorney General
                                                144 Exchange Boulevard, Suite 200
                                                Rochester, New York 14614
                                                Telephone: (585) 546-7430
                                                Charles.Steinman@oag.state.ny.us