UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOEL RIFKIN, | STATEMENT PURSUANT TO RULE 56 OF THE LOCAL RULES FOR THE WESTERN DISTRICT OF NEW YORK |
| Plaintiff, | |
| -vs- | |
| GLENN S. GOORD, et al., | 99-CV-6479L |
| Defendants. | |

---

The defendants Glenn S. Goord, Donald Selsky, Gail Hallerdin, Victor Herbert, Walter Kelly, James Conway, Robert Kirkpatrick and Gary Bartz ("defendants") by their attorney, Eliot Spitzer, Attorney General of the State of New York (Charles D. Steinman, Assistant Attorney General, of counsel), submit that the following are the material facts in this case as to which there is no genuine issue to be tried:

1. The plaintiff, Joel Rifkin ("plaintiff"), is a convicted serial murderer who is currently serving a sentence of 203⅔ years to life in the custody of the New York State Department of Correctional Services ("DOCS")(Amended Complaint, ¶27).

2. On or about February 9, 1996, the plaintiff was transferred to the Attica Correctional Facility ("Attica") and placed in Administrative Segregation status by Lt. Gary Bartz, based upon his determination that, due to the notoriety of the plaintiff and the serious nature of his crimes, the plaintiff's presence in the general population would pose a threat to the safety and security of the facility (Amended Complaint, ¶¶34, 36; 7 N.Y.C.R.R. §301.4[b]).

3. A hearing to determine the propriety of the plaintiff's placement in administrative segregation was commenced on February 21, 1996 by DOCS Commissioner's Hearing Officer Gail Hallerdin and was concluded on March 8, 1996 (Amended Complaint, ¶¶11,15, 37).

4. At the conclusion of the hearing, it was determined that the plaintiff should be maintained in administrative segregation based upon the notoriety of his crimes and the fact that he had been attacked by other inmates in other facilities (Amended Complaint, ¶37).

5. Ms. Hallerdin's decision was not ordered, or in any manner influenced by the Department of Correctional Services Central Office. At no time did Ms. Hallerdin communicate with Central Office with respect to the plaintiff's proposed placement (Defendants' Appendix to Local Rule 56.1 Statement of Material Facts, Exhibit 3, Affidavit of Gail Hallerdin, ¶5).

6. Ms. Hallerdin's determination was based solely upon the evidence adduced at the plaintiff's hearing (Defendants' Appendix to Local Rule 56.1 Statement of Material Facts, Exhibit 3, Affidavit of Gail Hallerdin, ¶5).

7. The plaintiff's housing status was periodically reviewed every thirty days by prison officials pursuant to 7 N.Y.C.R.R. §301.4(d).

8. On or about May 10, 2000, the plaintiff was released from Administrative Segregation status at Attica and transferred to a special program at the Clinton Correctional Facility (see Amended Complaint, ¶¶82, 85).

9. Comm. Goord was not involved in the decision to place the plaintiff in administrative segregation, or continue his placement there (Defendants' Appendix to Local Rule 56.1 Statement of Material Facts, Exhibit 2, Affidavit of Glenn S. Goord, ¶4).

10. By an Order to Show Cause, dated June 1, 1998, the plaintiff commenced a special proceeding in the Supreme Court, Wyoming County, pursuant to Article 78 of the N.Y. Civil Practice Law and Rules, challenging his confinement in administrative segregation status at Attica (Defendants' Appendix to Local Rule 56.1 Statement of Material Facts, Exhibit 1, Affidavit of Charles D. Steinman, Exhibit B, R[1]5-R28)

11. On October 20, 1998, the Supreme Court issued a Memorandum and Judgment in which it dismissed the plaintiff's petition, holding that his confinement in administrative segregation was not pretextual, that he was not subjected to cruel and unusual punishment and that the procedures applied to his placement were in accordance with the U.S. Constitution (Defendants' Appendix to Local Rule 56.1 Statement of Material Facts, Exhibit 1, Affidavit of Charles D. Steinman, Exhibit B, R52-R61).

12. On appeal, this judgment was affirmed by the Appellate Division, Fourth Department (*Rifkin v. Goord,* 273 A.D.2d 878 [4th Dept. 2000).

13. The plaintiff did not move for leave to appeal to the New York Court of Appeals (Amended Complaint, ¶48).

---

[1]References to R__ are to pages in the Record on Appeal, as so referenced in the plaintiff's appeal in the Article 78 proceeding.

14. At all times during the foregoing court proceedings, the plaintiff was represented by counsel (Defendants' Appendix to Local Rule 56.1 Statement of Material Facts, Exhibit 1, Affidavit of Charles D. Steinman, Exhibits A and B).

Dated:  March 19, 2004
        Rochester, New York

                                      ELIOT SPITZER
                                      Attorney General of the
                                         State of New York
                                      Attorney for Defendants

                                       s/Charles D. Steinman
                                      CHARLES D. STEINMAN
                                      Assistant Attorney General
                                         of Counsel
                                      NYS Office of the Attorney General
                                      144 Exchange Boulevard, Suite 200
                                      Rochester, New York  14614
                                      Telephone:  (585) 546-7430
                                      Charles.Steinman@oag.state.ny.us