UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
MAY -3 AM 10: 29
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

99-CV-6479

JOEL RIFKIN,
           Plaintiff,

-v.-

GLENN S. GOORD, et. al.
           Defendants.

PLAINTIFF'S
MEMORANDUM
OF LAW

In support of
RULE 56 (c)
Motion

---

During the Bench and Jury trials of McClary v. Coombe, et. al., 1:90-CV-00501, there was evidence that in McClary's situation, the decision to place and keep him in administrative segregation was not as the defendants claimed, made independently by the prison facility. Exhibit # 1 was a memorandum dated September 30, 1989 which clearly indicated that the officials at Attica were directed by DOCS Deputy Commissioner of Facility Operations Glenn S. Goord. Mr. Goord is the current DOCS Commissioner, and a defendant in the above encaptioned action. The former Attica Deputy Superintendent (Hall) testified that the decision to place McClary into SHU administrative segregation was "mandated" by Central Command. another defendant testified that he had "no discretion", in placing McClary into administrative segregation.

There was also extensive testimony by defendants concerning the conditions of the Attica SHU, the use of plexiglass shields to prevent the "throwing food, urine, feces and saliva at staff or other inmates (Tr 91-10, 91-11), McClary v. Kelly, 4 F. Supp.2d 195 (WDNY 1998) at 204, see also, 205.

There was extensive psychiatric testimony presented by both sides, ibid, pages 205, 206, 207 and 208.

There was also testimony provided by Donald Selsky, and Walter Kelly both of whom are defendants in the above encaptioned action.

It is well settled that a certified transcript of a judicial proceeding may be considered on a motion for summary judgment; <u>Kelley v. Naceman Inc.</u>, 992 F.2d 1408 (5th Cir. 1993). Depositions Lawfully taken and duly filed in a former action which involved the same subject matter and the same parties or their privies and the action at the bar may be used ion a summary judgment proceeding., <u>Western Land Corp. v. Crawford-Mertz Co.</u>, 62 FRD 550, (D.C. Minn. 1973). Sworn deposition testimony may be used by or against a party on summary judgment regardless of whether the testimony was taken in a separate proceeding, <u>Curnow v. Ridgecrest Police</u>, 952 F. 2d 321, 324 (9th Cir. 1991). **such testimony is considered to be an affidavit pursuant to Federal Rules of Civil Procedure 56(c),** and may be used against a party on summary judgment as long as the proffered depositions were made on personal knowledge and set forth facts that were admissible in evidence., <u>Gulf USA Corp. v. Federal Ins. Co.</u>, 259 F.3d 1049 (9th Cir. 2001). District court, in ruling on summary judgment motion, did not ere in relying on testmony offered at prior trial; certified transcript was made part of record., <u>Kelly</u>, supra.

In defending against a summary judgment motion involving inmates in a federal prison (Federal Metropolitan Correctional Center), plaintiff was allowed to invoke prior testimony involving a stste facility U.S. ex. rel. Wolfish v. U.S. 428 F. Supp. 333 (DCNY 1977), affirmed, 573 F. 2d 118, reversed on other grounds 441 U.S. 520. Sworn testimony of prison architect in prior case involving habitability of state prison facility could be considered in ruling on summary judgment motion in subsequent proceeding involving

federal correctional center., U.S. ex. rel. Wolfish, supra.

Thus, a certified copy of the transcript of the bench trial of McClary v. Coombe, et. al., 1:90-CV-00501, 10/29/97, through, 11/05/97 (entry date 11/14/97), and the jury trial held 02/08/99, through 02/23/99 (10 days) can and should be placed in evidence as apart of the plaintiff's exhibits to the above encaptioned action.

The plaintiff Pro Se is not at liberty to come to the Courthouse to personally inspect these public records and respectfully asks the Court to make available to him a loan of the McClary transcripts, as well as any such other and further relief as this Court may deem just and proper.

Dated: May 3, 2004
      Dannemora, N. Y.

Joel Rifkin 95A6514
Plaintiff, Pro Se

Clinton C.F.
P. O. Box 2001
Dannemora, N.Y.
      12929-2001